ESCALERA, DEMANDANTE Y APELADO, *v.* ESCALERA ET AL., DEMANDADOS Y APELANTES.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección Primera, en pleito sobre nulidad de partición de herencia.

No. 2494.—Resuelto en junio 13, 1922.

CONTRATOS INEXISTENTES—PARTICIÓN DE HERENCIA NULA—PRESCRIPCIÓN DE ACCIONES.—Aunque un heredero hubiera estado presente en una reunión familiar en que los interesados intentaran llevar a cabo pero al fin pospusieron la partición, si ésta se otorga luego sin el consentimiento de tal heredero y la prueba revela que la persona que la suscribió a nombre de éste no estaba autorizada para suscribirla, tal partición es nula e inexistente, por lo que la prescripción de cuatro años de que tratan los artículos 1268 y 1043 del Código Civil no es aplicable a la acción para pedir la nulidad de la misma.

Los hechos están expresados en la opinión.

---

* El Juez Asociado Sr. Franco Soto no tomó parte en la vista de este caso.

Abogados de los apelantes: *Sres. E. H. F. Dottin* y *C. Iriarte, Jr.*

Abogados del apelado: *Sres. M. Tous Soto, E. Campillo* y *T. Rivera.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

Consta inscrita en el Registro de la Propiedad de San Juan una escritura de partición. El demandante trató de anular la escritura y la Corte de Distrito de San Juan dictó sentencia a su favor. La controversia principal gira sobre una cuestión de hecho.

El demandante era uno de los varios herederos habiendo declarado probado la corte inferior que nunca fué notificado de la petición que se hizo a la corte para el nombramiento de un contador-partidor; que tampoco se le notificó la vista de esa petición o el informe subsiguiente del contador y que no se le dió oportunidad **mediante copia de la** petición o la debida notificación para oponerse a la aprobación de la partición hecha por la corte.

La prueba mostraba que el demandante fué puesto en posesión por su padre de una parcela de terreno compuesta de tres cuerdas y pico, situada en el barrio de "Seboruco," de Santurce, colindando al norte con terrenos de la Sucesión Calderón, Agustín Llano, Francisco Latorre y Pedro Mocsó; al sur, y este, con la Sucesión de Félix Escalera, y al oeste con José Herrera; que en realidad de verdad estuvo presente en una reunión familiar o de las partes en la cual debido a la negativa de una de sus hermanas fueron pospuestos los procedimientos de partición. Fuera de eso no hay prueba directa satisfactoria de la intervención del demandante en los procedimientos particionales. La prueba suministrada por varios testigos sobre la cooperación del demandante es demasiado general y vaga para pesar en contra de su negativa terminante, especialmente habiéndole dado crédito a su declaración la corte sentenciadora, y de los autos en conjunto

nos inclinamos a dar crédito a su testimonio. La parte de
prueba más importante contra él era la notificación de la
división actual hecha por un ingeniero que no fué firmada
por el demandante Modesto Escalera, sino por su hermano
Mónico quien declaró que firmó a petición de Modesto por-
que el segundo no sabía escribir. La prueba en el juicio, sin
embargo, era terminante de que Modesto sí sabía escribir,
y en el conflicto entre las declaraciones de los dos hermanos
la corte declaró probado, y creemos que correctamente, que
había de creerse al demandante cuando dijo que no dió tal
autorización a su hermano.

Los apelantes también indican que la escritura de parti-
ción fué inscrita y que se pagaron las contribuciones sobre
la parcela asignada a Modesto en dicha escritura. No ve-
mos con claridad que estas contribuciones fueran pagadas
por Modesto, pues él negó el hecho y dijo que pagó contri-
buciones sobre la finca que ocupaba. Pero no hay nada que
muestre que este hombre ya de edad intencionalmente pa-
gara las contribuciones sobre alguna propiedad de la cual
no estaba en posesión. Cualquier persona puede pagar con-
tribuciones por otra y para alegar un impedimento (*estop-
pel*) o algo semejante la prueba circunstancial o directa debe
ser más robusta. En cuanto a la inscripción de la escritura
de partición no existe ninguna prueba de que el demandante
tuviera alguna relación con la inscripción y no hay en este
caso cuestión alguna referente a terceros. Tal vez Modesto
fué informado primitivamente, formal o informalmente, de
los procedimientos de partición, pero desde el momento en
que las partes se retiraron debido a las objeciones hechas
por una hermana no existe prueba satisfactoria de ninguna
intervención por parte de Modesto. Asimismo no hay nada
en los autos que sugiera que él invoca un mero y simple de-
recho debido a alguna informalidad ocurrida en el otorga-
miento de la escritura. Por el contrario, él desea que se le
deje donde su padre lo puso y donde ha estado por años y

se opone a que lo obliguen a trasladarse de su casa los cesionarios de sus hermanos. Su tranquilidad fué perturbada por la tentativa en obtener la posesión del terreno que él ocupa. Los cesionarios intervinieron en la escritura de partición.

Los apelantes sostienen que la demanda no determina una causa de acción. La mayor parte de las consideraciones de los apelantes son aplicables a los contratos en que ha intervenido una parte. Entonces el fraude o la mala fe, o algo semejante debe alegarse antes de que una parte pueda desautorizar su propio acto. A lo que se opone el demandante es a la existencia de una escritura de partición que se llevó a cabo sin su intervención, que le asigna un terreno que puede no desearlo, que probablemente es pantanoso y que trata de desposeerlo del terreno que actualmente ocupa. Convenimos con el apelado en que en cuanto a él la escritura de partición es enteramente nula e inexistente y que él tiene derecho a hacer que se destruya esta fortaleza de títulos contra él. El artículo 70 de la Ley de Procedimientos Legales Especiales no fué observado.

Los apelantes también alegan la prescripción toda vez que la acción no fué establecida dentro de cuatro años. Tratan de mostrar que esta es una acción de rescisión, pero esta teoría presupone la intervención del demandante en el contrato mientras que el hecho es que el alegado contrato es nulo e inexistente. Convenimos con la corte inferior y el apelado en que a un procedimiento como este no puede dársele validez o ser ratificado por el tiempo, y que la prescripción de cuatro años de que habla el Código Civil (artículos 1268, 1043) no es aplicable a una acción para anular una inscripción en la cual el demandante no tomó participación legal. *Oliver* v. *Oliver,* 23 D. P. R. 181; *Torres* v. *Torres,* 29 D. P. R. 909.

El único otro error alegado tiene por punto de partida la teoría de que la aprobación hecha por la corte de la partición substituye al consentimiento de las partes cuando to-

das éstas son mayores de edad. Convenimos con el apelado y la corte inferior en que este procedimiento fué una tentativa para establecer una relación entre partes que de ser válida hubiera establecido un contrato o algo tan semejante que quedaría regulado por los principios de los contratos. Por tanto, como la situación originada se llevó a cabo sin la intervención del apelado, la corte estuvo justificada al declarar que la partición era nula en cuanto a él. Debe confirmarse la sentencia apelada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Aldrey y Hutchison.

El Juez Asociado Sr. Franco Soto no intervino en la vista de este caso.